20297.33865

1    CLAYTON U. HALL/S.B.#88535
2    JAY A. HIEATT/S.B.#103321
     HALL, HIEATT & CONNELY, LLP
3    1319 Marsh Street, Second Floor
     San Luis Obispo, CA 93401
     Telephone: (805) 544-3830
4    Facsimile: (805) 544-5329
     hall@hhc-slo.com
5    hieatt@hhc-sloc.com

6    Attorneys for Plaintiff,
7    AMERICAN NATIONAL PROPERTY AND
     CASUALTY COMPANY

8

9          **UNITED STATES DISTRICT COURT**

10    **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

11

| | | |
|---|---|---|
| 12 AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) ) ) ) | No. |
| 14        Plaintiff, | ) ) | COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE REIMBURSEMENT; DEMAND FOR JURY TRIAL |
| 15 vs. | ) ) ) | |
| 16 GEORGE WASHINGTON, an individual; JUANITA WASHINGTON, an individual; KOOL LINE EXPRESS, a business entity; and DOES 1 to 10, Inclusive, | ) ) ) ) ) ) ) | |
| 19        Defendants. | ) ) ) ) | |

21

22      Plaintiff AMERICAN NATIONAL PROPERTY AND CASUALTY

23 COMPANY ("ANPAC") pleads the following allegations:

24        1.     This is an insurance coverage action concerning the rights and duties

25 owed under homeowners and rental-owners policies for an underlying third party

26 lawsuit that alleges life-ending injuries sustained by Crystal Lynn Pearigen on

27 June 16, 2019 in Bakersfield, California.

28 ///

**THE PARTIES**

2.    ANPAC is, and at all relevant times was, a corporation organized under the laws of the State of Missouri, with its principal place of business in Springfield, Missouri. ANPAC, through its subsidiary Pacific Property and Casualty Company, is, and at all relevant times was, authorized to issue insurance policies as a property and casualty insurance carrier in the State of California.

3.    ANPAC is informed and believes, and based thereon alleges, that GEORGE WASHINGTON ("Mr. Washington") is, and at all relevant times was, an individual residing in Kern County, State of California.

4.    ANPAC is informed and believes, and based thereon alleges, that JUANITA WASHINGTON ("Mrs. Washington") is, and at all relevant times was, an individual residing in Kern County, State of California.

5.    ANPAC is informed and believes, and based thereon alleges, that KOOL LINE EXPRESS ("Kool Line Express") is, and at all relevant times was, a business entity and the fictitious business name of Mr. and Mrs. Washington as a married couple, or of Mr. Washington as a sole proprietorship, with its principal place of business in Kern County, State of California.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1-10, inclusive, are unknown to ANPAC, which therefore brings suit against said Defendants by such fictitious names. ANPAC will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained. ANPAC is informed and believes that each of the Defendants named as DOES 1-10, inclusive, is liable to ANPAC or has an interest in this litigation for the matters alleged below.

**JURISDICTION AND VENUE**

7.    The Court has original jurisdiction under 28 U.S.C. § 1332(a) since complete diversity exists between the Plaintiff and Defendants, as alleged above, and the claims are in excess of $75,000. In this regard, Michael Edward Keen, Jr.

1  ("Claimant"), the son of decedent Crystal Lynn Pearigen, seeks compensatory and
2  punitive damages in the lawsuit he filed against Mr. Washington individually and
3  against Mr. and Mrs. Washington as a married couple doing business as Kool Line
4  Express. Mr. Washington and Mrs. Washington are ANPAC's insureds under a policy
5  for homeowners insurance, and Mr. Washington is ANPAC's insured under two
6  rental-owners policies, but Kool Line Express is not insured by ANPAC. Accordingly,
7  ANPAC has provided and continues to provide a defense to each Mr. Washington and
8  Mrs. Washington individually under the homeowners policy under a reservation of
9  rights, but it is now seeking a declaration that it is not required to defend or indemnify
10 them for this loss.

11      8.      Venue lies with this Court under 28 U.S.C. § 1391 since one or more
12 defendants reside in this judicial district, a substantial part of the events which are the
13 subject of this Complaint took place in this judicial district, and the underlying lawsuit
14 is pending in this judicial district.

15                          **GENERAL ALLEGATIONS**
16              **The Underlying Injury and the Underlying Action**

17      9.      On October 17, 2019, Claimant filed a lawsuit entitled *Michael Edward*
18 *Keen, Jr., individually, and as successor-in-interest to Crystal Lynn Pearigen v.*
19 *George Washington, et al.* in the Superior Court of California for the County of Kern,
20 Case No. BCV-19-102967, against Mr. Washington individually and against Mr. and
21 Mrs. Washington as a married couple doing business as Kool Line Express (the
22 "Underlying Defendants"), alleging two causes of action for General Negligence and
23 Intentional Tort (the "Underlying Action").

24 ///
25 ///
26 ///
27 ///
28 ///

10.     In the Underlying Action, Claimant alleges that on June 16, 2019 his mother was attacked and killed by two dogs (the "Underlying Injury") after they escaped through an opening in the perimeter fence surrounding the premises of Kool Line Express, which is located at 3523 Gilmore Avenue in Bakersfield, California and is owned or leased by one or more of the Underlying Defendants (the "Business Property").

11.     ANPAC is informed and believes, and based thereon alleges, that the subject dogs were owned by one or more of the Underlying Defendants and were exclusively kept at the Business Property for the explicit purpose of protecting the Business Property and its contents.

12.     Claimant alleges that the Underlying Defendants knew about but failed to secure the opening in the perimeter fence, and thus the subject dogs were allowed to leave and re-enter the Business Property.

13.     Claimant further alleges that the Underlying Defendants were careless in handling the subject dogs, and that the Underlying Defendants knew or should have known that the dogs had a vicious propensity to attack people and were of breeds that have aggressive tendencies, and that members of the general public were at risk of harm from them.

14.     As a result of the foregoing, Claimant asserts that the Underlying Defendants are at fault for and/or are strictly liable for Ms. Pearigen's death as a result of negligently owning, operating, and/or maintaining the Business Property so as to allow the subject dogs to remain without proper restraint(s) and/or containment and so as to allow the dogs to leave the Business Property.

15.     Claimant also asserts that the Underlying Defendants are liable for an intentional tort based on his claims that they acted with conscious, knowing, willful, and/or reckless disregard for the rights and safety of others. Claimant claims that he is accordingly entitled to recover compensatory and exemplary damages.

///

1
2

## The Insurance Policies
## The Homeowners Policy

3      16.    ANPAC, doing business as Pacific Property and Casualty Company,

4  issued a homeowners policy to Mr. Washington and Mrs. Washington, number 04-X-

5  W80669-9, effective January 31, 2019 to January 31, 2020 (the "Homeowners

6  Policy"). The only insured property under the Homeowners Policy is located at

7  3608 Tori Lorene Avenue, Bakersfield, California 93313-5420 (the "Home Property").

8  As relevant here, Coverage E - Personal Liability of the Homeowners Policy provides

9  coverage for liability for "bodily injury" that an "insured" is legally obligated to pay

10  resulting from a covered "occurrence," as defined by the Homeowners Policy.

11      17.    Under the definitions section of the Homeowners Policy and pursuant to

12  the Declarations therefor, "insured" is defined to mean Mr. Washington,

13  Mrs. Washington, their relatives residing in their household, and persons under the age

14  of 21 who reside in their household and are in the care of them or their relatives

15  residing in their household.

16      18.    Under SECTION II - EXCLUSIONS, the Homeowners Policy contains

17  an exclusion that states that insurance coverage shall not apply to bodily injury

18  "arising out of business pursuits of any insured or the rental or holding for rental of

19  any part of any premises by an insured."

20      19.    Under SECTION II - EXCLUSIONS, the Homeowners Policy contains

21  an exclusion that states that this insurance coverage shall not apply to bodily injury

22  "arising out of the use of any location which is not an insured location and which is

23  owned by or leased to any insured."

24      20.    As a result of the foregoing, ANPAC agreed to defend each

25  Mr. Washington and Mrs. Washington individually in the Underlying Action under

26  the Homeowners Policy under a reservation of rights and offered to provide them with

27  independent counsel under Civil Code § 2860.

28  ///

21.     Kool Line Express is not an insured under the Homeowners Policy, and ANPAC disclaimed coverage for it thereunder.

### The Rental-Owners Policies

22.     ANPAC, doing business as Pacific Property and Casualty Company, also issued two rental-owners policies to Mr. Washington: number 04-K-34000P-6, in effect from November 20, 2018 to November 20, 2019, and number 04-K-U987384, in effect from October 1, 2018 to October 1, 2019 (the rental-owners policies together, the "Rental-Owners Policies;" all three policies collectively, the "Policies" or the "Insurance Policies"). The insured properties under the Rental-Owners Policies are located at 138 Milham Drive, Bakersfield, California, 93307 and at 2612 Normal Avenue, Bakersfield, California, 93304 (the "Rental Properties"). As relevant here, Coverage E of each of the Rental-Owners Policies provides coverage for liability for "bodily injury" and "personal injury" caused by an "occurrence" and which arises from the ownership, maintenance, or use of the "insured premises," as defined by the Rental-Owners Policies.

23.     Under the definitions sections of the Rental-Owners Policies and pursuant to the Renewal Declarations therefor, the "insured premises" are defined to mean the Rental Properties, one or two family premises for which ownership or control is acquired and for which there is a reported intention to insure under the policy, and the ways immediately adjoining insured premises.

24.     As a result of the foregoing, ANPAC disclaimed coverage under the Rental-Owners Policies.

### The Policies

25.     All of the Policies contain exclusions related to intentional acts and punitive damages.

26.     Under the definitions sections of each of the Policies, "occurrence" is defined to mean "an accident, including exposure to conditions, which results in: [bodily injury] during the policy period."

27.     Under SECTION II - EXCLUSIONS, the Homeowners Policy contains an exclusion that states that this insurance coverage shall not apply to bodily injury "which is caused intentionally by or at the direction of any insured, even if the resulting injury or damage is different than expected or intended."

28.     Under SECTION II - EXCLUSIONS, the Rental-Owners Policies contain an exclusion that states that this insurance coverage shall not apply to bodily injury "which is either expected or intended by an insured even if the actual injury or damage is different than expected or intended" nor to bodily injury "to any person or property which is the result of willful and malicious acts of the insured."

29.     As a result of the foregoing, ANPAC has advised that there will be no coverage should there be a finding of intentional or malicious acts in the Underlying Action.

30.     Under SECTION II - EXCLUSIONS, each of the Policies contains an exclusion that states that this insurance coverage shall not apply to "punitive or exemplary damages."

31.     As a result of the foregoing, ANPAC has advised that there will be no coverage should there be an award of punitive or exemplary damages in the Underlying Action.

32.     Additionally, each of the Policies contains certain conditions to coverage.

33.     Under SECTION I AND II - CONDITIONS, the Homeowners Policy contains the following condition to coverage: "In case of a loss to which this insurance may apply, the insured shall perform the following applicable duties. You shall cooperate with us in seeing that these duties are performed: a. give immediate notice to us or our agent which contains the following information:...; ... h. forward to us all legal documents relating to the accident or occurrence."

34.     Under SECTION II - CONDITIONS, the Rental-Owners Policies contains the following condition to coverage: "In case of an accident or occurrence, the insured shall perform the following duties that apply. You shall cooperate with us

in seeing that these duties are performed: a. give written notice to us or our agent as soon as practicable, which sets forth:...; ... b. forward to us every notice, demand, summons, or other process relating to the accident or occurrence."

35.    As a result of the foregoing, ANPAC has advised that, to the extent it has been prejudiced by the failure to satisfy the above-referenced conditions to coverage, there will be no coverage for the Underlying Action.

## FIRST CAUSE OF ACTION

### (Declaratory Relief - Against ALL DEFENDANTS)

36.    ANPAC hereby incorporates by references Paragraphs 1 through 35 as though fully set forth herein.

37.    An actual, present, and justiciable controversy has arisen and now exists between ANPAC and Defendants concerning the rights, duties, and obligations owed under the Policies with respect to the Underlying Action.

38.    ANPAC contends that there is no coverage under the Homeowners Policy for the Underlying Action because of any one or more of the following reasons:

a.    Specifically as to Kool Line Express as a business entity, it is not an "insured" thereunder;

b.    The Underlying Injury arose out of one or more of the Underlying Defendants' business pursuits, since the subject dogs were exclusively kept at the Business Property for the explicit purpose of protecting the Business Property and its contents; and

c.    The Underlying Injury arose out of the use of the Business Property, which is not an insured location and which is owned by or leased to one or more of the Underlying Defendants.

39.    ANPAC contends that there is no coverage under the Rental-Owners Policies for the Underlying Action because the Underlying Injury did not arise from the ownership, maintenance, or use of the Rental Properties.

///

---

40.   ANPAC contends that there is no coverage under any of the Policies for the Underlying Action because it has been prejudiced by the failure to satisfy the above-referenced conditions to coverage, specifically:

a.   Notice was not given to ANPAC or an agent immediately(under the Homeowners Policy) or as soon as practicable (under the Rental-Owners Policies); and

b.   Legal documents (under the Homeowners Policy) or "every notice, demand, summons, or other process" (under the Rental-Owners Policies) were not forwarded to ANPAC.

41.   ANPAC contends that there is no coverage for intentional or malicious acts under any of the Policies, since "occurrence" is defined by the Policies as an "accident" and since each of the Policies contains a coverage exclusion related to bodily injury that is caused"intentionally" (under the Homeowners Policy) or as "expected or intended" (under the Rental-Owners Policies). As a result, should there be a finding of intentional or malicious acts in the Underlying Action, ANPAC should not be obligated to provide any defense or indemnity therefor.

42.   ANPAC contends that there is no coverage for punitive or exemplary damages under any of the Policies, since each of the Policies contains a coverage exclusion for such damages. As a result, should there be an award of punitive or exemplary damages in the Underlying Action, ANPAC should not be obligated to provide any indemnity therefor.

43.   ANPAC is informed and believes, and based thereon alleges, that Defendants dispute some or all of ANPAC's contentions and incorrectly believe that there is coverage for the Underlying Action under one or more of the Policies.

44.   ANPAC contends that declaratory relief is both necessary and proper at this time and the Court can adjudicate the parties' rights and obligations under the Policies.

///

## SECOND CAUSE OF ACTION

### (Equitable Reimbursement - Against GEORGE WASHINGTON
### and JUANITA WASHINGTON)

45.   ANPAC hereby incorporates by references Paragraphs 1 through 44 as though fully set forth herein.

46.   ANPAC has provided and continues to provide a defense to each Mr. Washington and Mrs. Washington individually in the Underlying Action under the Homeowners Policy and offered to provide them with independent counsel.

47.   ANPAC's defense of Mr. Washington and Mrs. Washington individually was provided and is being provided under a reservation of rights, including the right to seek reimbursement of defense fees and costs incurred by ANPAC in the event it is found that there was never a potential for coverage, as allowed by the California Supreme Court in *Scottsdale Insurance Co. v. MV Transp.* (2005) 36 Cal.4th 643, and/or the right to seek an allocation and reimbursement of defense fees paid to defend non-covered allegations as authorized by the California Supreme Court in *Buss v. Superior Court* (1997) 16 Cal.4th 35.

48.   ANPAC seeks reimbursement of all costs it has and will incur to defend Mr. Washington and Mrs. Washington in the Underlying Action.

## PRAYER FOR RELIEF

WHEREFOR ANPAC prays judgment as follows:

1.   A declaration that the claims alleged in the Underlying Action are not covered under any of the Policies;

2.   A monetary judgment for the amount of all fees and costs that ANPAC incurs to defend Mr. Washington and Mrs. Washington in the Underlying Action;

3.   For costs of suit herein;

///

///

///

4.   For prejudgment interest; and

5.   For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, hereby demands a trial by jury on all issues triable by a jury in the above-entitled action.

Dated: November ___, 2020          HALL, HIEATT & CONNELY, LLP

_____
CLAYTON U. HALL
JAY A. HIEATT
Attorneys for Plaintiff,
AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY